IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| REX TERRY, INDIVIDUALLY AND | § | |
| SUNBELT SURPLUS VALUE, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | JURY DEMANDED |
| | § | |
| PARKERCO, INC. D/B/A PARKER & | § | |
| COMPANY WORLDWIDE, | § | |
| | § | |
| Defendant. | § | |

**B - 03 - 1 90**

## NOTICE OF REMOVAL

Pursuant to 19 U.S.C. § 1202, 1514, 1515, and one ore more provisions of the U.S. Constitution including Art I, § 10, Defendant PARKERCO, INC. ("ParkerCo."), expressly reserving all other rights to respond to this lawsuit, hereby removes Cause No. C-2387-03-B in the 93rd Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.

### Background

1.    On September 11, 2003, Rex Terry, Individually and Sunbelt Surplus Value, Inc. ("Plaintiffs") filed a Petition in the 93rd Judicial District Court of Hidalgo County, Texas, styled *Rex Terry, Individually and Sunbelt Surplus Value, Inc. v. Parkerco, Inc. d/b/a Parker & Company Worldwide,* Cause No. C-2387-03-B (the "State Action").

2.     The claims at issue in the State Action are based on a purported service contract between the parties, whereby ParkerCo. was to supervise the importation of drill pipe from Mexico.  Specifically, Plaintiffs allege in their petition that after "dumping fees" were assessed by the U.S. Customs Service, ParkerCo. made representations that they would resolve these "dumping fees" by filing a protest under the governing procedures.

3.     No such protest was ever filed by ParkerCo.

4.     There is no written contract between the parties.

### Federal Question Jurisdiction

5.     This case is removable because this Court has original jurisdiction over this action under 19 U.S.C. § 1202, 1514, 1515, and one ore more provisions of the U.S. Constitution including Art I, § 10, Cl. 2.("...all such laws [Imposts or Duties] shall be subject to the Revision and Control of the Congress."). *See* 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or law of the United States shall be removable without regard to the citizenship or residence of the parties.").

6.     It is clear from Plaintiffs' Original Petition that Plaintiffs seek recovery from ParkerCo. on a breach of contract theory.  The elements of a breach of contract action are straightforward and relatively simple.  However, Plaintiffs' alleged damages in the amount of $72,173.27 are the exact amount alleged by Plaintiffs to constitute antidumping duties on the imported goods (referred to by Plaintiffs in the State Action as "dumping fees").  The issue of the assessment of antidumping duties, the propriety of

these antidumping duties, and any reduction or resolution of such antidumping duties by means of protest or other action before the U.S. Bureau of Customs and Border Protection will predominate over all other legal and factual issues in the case.

7.      Whether Plaintiffs sustained damages as a result of ParkerCo.'s alleged failure will require a complete and complex analysis of several federal statutes, including: the Harmonized Tariff Schedule referenced in 19 U.S.C. § 1202; protest procedures and remedies in 19 U.S.C. § 1514; protest procedure pursuant to 19 U.S.C. § 1515; antidumping duties and review pursuant to 19 C.F.R. pt. 351; and review and disposition of protests pursuant to 19 C.F.R. pt. 174. Whether ParkerCo. could have prevented or opposed the assessment of antidumping duties by appeal or otherwise will require a complete and complex analysis of these federal statutes and regulations. Whether Plaintiffs' reliance on alleged representations was reasonable will require a complete and complex analysis of the federal regulations pertaining to the classification of goods for Customs Duties and Anti-Dumping Duties. In short, the merits of Plaintiffs' claim for contract damages requires an in-depth analysis of several federal questions. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). The legal test for removal is whether substantial issues of federal law are necessary to determine the outcome of the claims. *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912); *Drawhorn v. Qwest Comm. Int'l, Inc.*, 121 F. Supp. 2d 554, 560-61 (E.D. Tex. 2000).

8.      In Texas, breach of contract actions require that a plaintiff establish the following elements: (1) the existence of a valid contract; (2) performance or tendered

performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff *resulting from that breach*. *Prudential Sec. v. Haugland*, 973 S.W.2d 394, 396 (Tex.App.—El Paso 1998, pet. denied). In order to recover compensatory damages, the plaintiff must establish that he suffered some pecuniary loss *as a result of the breach* of the contract. *Id.*

9.    The first three elements of a breach of contract action in Texas are very straight-forward. In adjudicating these issues no federal court should fear that state courts would have a "surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The existence of a service contract, its formation, its terms, and any performance issues will present no great issues of Texas public policy and can be just as easily adjudicated in federal court as in state court.

10.    Conversely, a state court will not have the experience and background dealing with Customs issues (which are entirely federal) that a federal court will have. In this case, Plaintiffs' alleged damages are the dollar amount of antidumping duties assessed by a federal agency. Plaintiffs allege that ParkerCo. failed to properly appeal these fees, and as a result, Plaintiffs must now pay them. Plaintiffs' theory – that ParkerCo. could have prevented Plaintiffs' damages by appealing the Customs and antidumping duties to the U.S. Customs Service – is a purely federal question controlled by federal statutes, federal regulations, and interpretations of federal decisions. Absent proof that a protest would have been successful under federal law, plaintiffs have no damages to recover. Plaintiffs' claim for damages ultimately boils down to whether any such appeal would have made a difference in the amount of antidumping duties Plaintiffs

are required to pay. This inquiry is a purely federal question because Plaintiffs' would have to establish, under federal law and under federal regulations, that ParkerCo. could have prevented or abated the assessment of those duties by means of protest or other action before the U.S. Bureau of Customs and Border Protection.

11.    Federal district courts have original jurisdiction in all "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. §1331. A federal question case may also arise where the vindication of a right under state law necessarily turns on the construction of federal law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Similarly, if a right created by the laws of the United States is an essential element of the plaintiff's cause of action, that cause of action can be removed. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983). Here, the essential element is Plaintiffs' damages, and Plaintiffs' damages are governed by federal law.

12.    Moreover, the federal nature of the claim must only be able to be inferred from the face of the complaint in order to be removed under 28 U.S.C. § 1441. *See Costantini v. Guardian Life Ins. Co. of Pennsylvania*, 859 F. Supp. 89, 90 (S.D. N.Y., 1994)(citing *Merrell Dow Pharmaceuticals*, 478 US at 809 n. 6). Here, Plaintiffs' damages necessarily turn on the construction of federal law, specifically, Title 19 of United States Code and related Code of Federal Regulations provisions.

13.    Any future claims added by Plaintiff would be subject to the Court's supplemental jurisdiction under  28 U.S.C. § 1441(c), as they would most surely arise

from the same nucleus of operative facts. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988).

### Additional Procedural Matters

14.    The 93rd Judicial District Court of Hidalgo County, Texas is located in the Southern District of Texas, Brownsville Division.

15.    The Removing Defendant has filed this Notice of Removal within 30 days of service of Plaintiffs' Original Petition as required by 28 U.S.C. § 1446(b).

16.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, attached to Defendant's Notice of Removal are the following documents: (1) all executed process in the case (Exhibit A); (2) pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit B); (3) all orders signed by the state judge (not applicable); (4) the docket sheet (Exhibit D); (5) an index of matters being filed (Exhibit E); (6) a list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit F).

17.    Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, the Removing Defendant will provide written notification to Plaintiffs and will file a Notification of Removal attaching a copy of this Notice of Removal with the Clerk of the Court for Hidalgo County, Texas.    A copy of the written notification to Plaintiffs is attached herein as Exhibit C.

For the foregoing reasons this action is removed to this Court.

Respectfully submitted,

FULBRIGHT & JAWORSKI

By _____
   Julie A. Hardin
   Federal I.D. No. 26459
   1301 McKinney, Suite 5100
   Houston, Texas  77010-3095
   Telephone:  713/651-5151
   Telecopier:  713/651-5246

Attorney-in-Charge for Defendant, Parkerco, Inc. d/b/a Parker & Company Worldwide

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.

Michael C. Steindorf
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  214/855-8000
Telecopier:  214/855-8200

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 30, 2003.

_____
Julie Hardin

30578586.1

ATTN: Justin Rose - 5 pages
Ace
From Frank Parker

RECEIVED OCT 1 - 2003
@ 9 AM EST

DISTRICT COURT, HIDALGO COUNTY, TEXAS 93rd District Court OF TEXAS

----------------------------------------
                CITATION
----------------------------------------

                REX TERRY ET AL

                    vs.

              PARKERCO, INC.

# COPY

----------------------------------------
            THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday following the expiration of twenty (20) days after you were served with this citation and petition,  a Default Judgment may be taken against you.

        To: PARKERCO, INC.
            BY SERVING: FRANK PARKER JR.
            4694 COFFEE PORT RD.
            BROWNSVILLE, TEXAS 78521.

        You are hereby commanded to appear by filing a written answer to the ORIGINAL PETITION FILED on or before 10:00 o'clock a.m.  on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 93rd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas, 78539.  Said petition was filed on the 11th day of September , 2003 and a copy of same accompanies this citation.
        The file number and style of said suit being C-2387-03-B
                REX TERRY ET AL
                    vs.
              PARKERCO, INC.

        Said Petition was filed in said court by GRISSOM, DONALD H.
609 WEST 10TH STREET, AUSTIN, TEXAS  78711-3087.
        The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.
        The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as law directs.
        ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this the 18th day of September, 2003
                OMAR GUERRERO, DISTRICT CLERK
                P.O. DRAWER 87
                EDINBURG, HIDALGO COUNTY, TEXAS 78540
        By
                GABRIELA PEREZ, DEPUTY

DELIVERED ON:
10/1/03
BY

Certified Article Number
7110 3901 9844 3021 5341
SENDERS RECORD

# Exhibit A

Received 10/10/2003 12:13 in 01:56 on line [6] for MS04410 Printed 10/10/2003  12:19 * Pg 3/6
10/10/2003 13:14 TEL                                                                                     ☑ 003/008

## OFFICER'S RETURN

Came to hand on _____ of_____, 2003 at_____o'Clock_____.m. and executed in Hidalgo County, Texas by delivering to each of the within named defendants in person, a true copy of this citation, upon which I endorsed the date of delivery, to said def., together with the accompanying copy of the Pltf.'s Petition at the follwing times and places, to wit:

| Name | Date | Time | Place |
|------|------|------|-------|
|      |      |      |       |

and not executed as to the defendant, _____ the diligence use in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____, I actually and necessarily traveled ____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving....copy(s) $_____
      miles.............$_____          By:_____

Received 10/10/2003 12:13 in 01:56 on line [6] for MS04410 Printed 10/10/2003  12:19 * Pg 4/6
10/10/2003 13:14 TEL                                                                                    004/006

**FILED**

AT_____O'CLOCK_____M

CAUSE NO. C-2387-03-B

SEP 11 2003

CHAR GUERRERO, CLERK
District Courts, Hidalgo County
By_____Deputy

| | | |
|---|---|---|
| REX TERRY, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| and SUNBELT SURPLUS VALUE, INC. | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PARKERCO, INC. | § | |
| d/b/a PARKER & COMPANY | § | 93<u>rd</u> JUDICIAL DISCTRICT |
| WORLDWIDE | § | |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Rex Terry ("Terry") and files this complaint against ParkerCo, Inc. d/b/a Parker & Company Worldwide ("Parker") and would show as follows:

### I
### PARTIES

Rex Terry is an individual residing in Harris County, Texas.

ParkerCo, Inc. is a corporation organized under the laws of the state of Texas and may be served with process by serving Frank Parker, Jr., 4694 Coffee Port Road, Brownsville, Texas, 78521.

### II
### VENUE AND JURISDICTION

Venue and jurisdiction are proper in this county pursuant to Civil Proc. & Rem. Code § 15.002.

### III
### DISCOVERY

Discovery shall be conducted pursuant to Level 2 of the TRCP.

# Exhibit B

Received 10/10/2003 12:13 in 01:56 on Line [6] for MS04410 Printed 10/10/2003  12:19 * Pg 5/6
10/10/2003  13:14 TEL                                                                        ☑005/006

## IV
## BACKGROUND

Terry is engaged in the business of buying and selling surplus pipe and valves.

Parker is a customs broker in Pharr, Texas and as such arranges the importing/exporting of goods to and from the United States. Terry contracted with Parker to handle the importation of shipments of drill pipe from Mexico into Texas. Parker represented that it would handle, and agreed to handle, all matters with U.S. Customs Services including classification of material and payment of any fees or duties. Terry then purchased several truckloads of pipe in Mexico and Parker arranged for the importation of the drill pipe.

Upon entry into Texas, Customs assessed a "dumping" fee on each truckload. Parker failed to disclose to Terry that there was a "dumping" fee for pipe. It was then discovered that the drill pipe was scrap pipe and not usable drill pipe. With the reclassification of the pipe, Parker represented that the "dumping" fee would be extinguished.

In March 2003, Terry received a demand letter from U.S. Customs and Border Protection for 23 delinquent bills totaling $72,173.27 for "dumping" fees. Terry contacted Jorge Torres and Garland Pritchard about these notices. Each represented to Terry that they would resolve the claim with U.S. Customs by filing a protest. Despite these reassurances and representations, Parker did nothing to resolve the claim.

## V
## BREACH OF CONTRACT

As set forth above, Parker breached its agreement with Terry by failing to properly handle the importation of the drill pipe and advise and inform Terry of the "dumping" fees and protest the assessments of the Customs office. As a result of such breach, Terry has been damaged in the amount of $72,173.27.

Demand has been made upon Parker for these damages but Parker has failed and refused to pay said sum.

2

Received 10/10/2003 12:13 in 01:56 on Line [6] for MS04410 Printed 10/10/2003 12:19 * Pg 6/6
10/10/2003 13:15 TEL                                                                    008/008

## VI
## ATTORNEY FEES

Terry has been required to retain the services of the undersigned law firm to prosecute this litigation. Terry requests that he recover the necessary and reasonable attorney fees incurred for such prosecution.

WHEREFORE, PREMISES CONSIDERED, Rex Terry prays that Defendant be cited to appear and that after trial he be awarded:

1) actual damages;

2) consequential damages;

3) attorney fees;

4) prejudgment and postjudgment interest as may be allowed by law;

5) costs of court;

6) other and further relief to which he may be entitled.

Respectfully submitted,

GRISSOM & THOMPSON

Donald H. Grissom
State Bar No. 08511550
William W. Thompson, III
State Bar No. 19960050
609 West 10th Street
Austin, Texas 78701
(512) 478-4059
(512) 482-8410 fax

ATTORNEYS FOR PLAINTIFF

3

NO. C-2387-03-B

| | | |
|---|---|---|
| REX TERRY, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND SUNBELT SURPLUS | § | |
| VALUE, INC. | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| PARKERCO, INC. | § | |
| d/b/a PARKER & COMPANY | § | |
| WORLDWIDE | § | 93RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant PARKERCO, INC. d/b/a PARKER & COMPANY WORLDWIDE

("Defendant") files its Original Answer, and in support, submits the following:

### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial

to each and every claim made by Plaintiffs.

Defendant prays that Plaintiffs take nothing on their claims, and that this Court

grant Defendant its costs, attorney fees, and any such other expenses or damages to which

Defendant may be justly entitled.

**JURY DEMANDED**

Respectfully submitted,

FULBRIGHT & JAWORSKI

By _____

Michael C. Steindorf
State Bar No. 19134800
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: 214/855-8000
Telecopier: 214/855-8200

30574108.1

Julie A. Hardin
State Bar No. 24013613
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  713/651-5151
Telecopier:  713/651-5246

Counsel for the Defendant, Parkerco, Inc. d/b/a
Parker & Company Worldwide

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on October ___, 2003.

Julie Hardin

NO. C-2387-03-B

| | | |
|---|---|---|
| REX TERRY, INDIVIDUALLY AND SUNBELT SURPLUS VALUE, INC., | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HIDALGO COUNTY, TEXAS |
| PARKERCO, INC. D/B/A PARKER & COMPANY WORLDWIDE, | § § § | |
| Defendant. | § § | 93RD JUDICIAL DISTRICT |

## <u>NOTIFICATION OF REMOVAL</u>

TO:    Plaintiffs Rex Terry, Individually and Sunbelt Surplus Value, Inc., by and through plaintiffs' attorney of record Donald H. Grissom and William W. Thompson, III, 609 West 10th Street, Austin, Texas 78701.

PLEASE TAKE NOTICE that defendant Parkerco, Inc. d/b/a Parker & Company Worldwide on the 31st day of October, 2003, filed a Notice of Removal to remove the civil action styled *Rex Terry, Individually and Sunbelt Surplus Value, Inc. v. Parkerco, Inc. d/b/a Parker & Company Worldwide*, Cause No. C-2387-03-B from the 93rd Judicial District of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

PLEASE TAKE FURTHER NOTICE that on filing the Notice of Removal with the United States District Court, the Removing Defendant has also filed a copy of the Notice of Removal attached to this Notification with the Clerk of the Court of Hidalgo



Exhibit _C_

County, Texas to effect removal under 28 U.S.C. § 1441 and 1446.

Respectfully submitted,

FULBRIGHT & JAWORSKI

By

Julie A. Hardin
State Bar No. 24013613
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5151
Telecopier: 713/651-5246

Attorney-in-Charge for Defendant, Parkerco, Inc. d/b/a Parker & Company Worldwide

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

Michael C. Steindorf
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: 214/855-8000
Telecopier: 214/855-8200

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil

Procedure on October 30, 2003.

Julie Hardin

30578586.1

# Civil Docket

Court

Case No. C-2387-03-B

Hidalgo County

October 27th, 2003
2:04pm

## REX TERRY ET AL vs. PARKERCO, INC.

Filed : 09/11/2003

Status: Filed

Type: BREACH OF CONTRACT

Judge
  Rudy R. Delgado

Court Reporter

| Date | | | Volume | Page |
|------|---|---|--------|------|

### Events & Orders of the Court

```
09/11/03  PLAINTIFF'S ORIGINAL PETITION
09/18/03  CITATION ISSUED
          TO PAKERCO, INC..PICKED UP BY:
09/24/03  OTHER
          CITATION RETURNED TO ATTY FOR SERVICE.
10/06/03  AFFIDAVIT
          IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 103 ORDER AUTHORIZING
          SERVICE OF CITATION, FILED.
10/07/03  FILE SENT TO DIST. COURT
10/09/03  ORDER AUTHORIZING SERVICE, SIGNED
          OF CITATION PURSUANT TO RULE 103
10/10/03  FILE SENT TO DIST CLERK
10/16/03  CITATION RETURNED
10/22/03  ANSWER
          DEFENDANT'S ORIGINAL ANSWER, FILED.(MICHAEL C.
          STEINDORF/214-855-8000)
10/27/03  OTHER
          SEND COPY TO FULBRIGHT & JAWORSKY, 1301 MCKINNEY, STE 5100,
          HOUSTON, TX 77010-3095. ATTN: ELLEN 46TH FLOOR.
```

DATE 10-27-03
A true copy I certify
OMAR GUERRERO
District Clerk, Hidalgo County, Texas
By_____Deputy

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

REX TERRY, INDIVIDUALLY AND        §
SUNBELT SURPLUS VALUE, INC.,       §
                                   §
        Plaintiffs,                §                    **B-03-190**
                                   §
                                   §        CIVIL ACTION NO. _____
v.                                 §        JURY DEMANDED
                                   §
PARKERCO, INC. D/B/A PARKER &      §
COMPANY WORLDWIDE,                 §
                                   §
        Defendant.                 §

## <u>INDEX OF MATTERS BEING FILED</u>

As required under Local Rule 81, the following is a list of the documents being

filed with the Notice of Removal in this action:

1.      Copies of all executed process in the case;

2.      Plaintiffs' Original Petition and Defendant's Original Answer constitutes all

        pleadings asserting causes of action and all answers to such pleadings;

3.      The state-court docket sheet;

4.      The state-court notification of removal;

5.      This index of matters being filed;

6.      A list of all counsel of record, including addresses, telephone numbers and parties

        represented.



Exhibit E

30578586.1

The state court has not signed any orders in this case,

Respectfully submitted,

FULBRIGHT & JAWORSKI

By _____

    Julie A. Hardin
    Federal I.D. No. 26459
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713/651-5151
Telecopier: 713/651-5246

Attorney-in-Charge for Defendant, Parkerco, Inc. d/b/a Parker & Company Worldwide

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

Michael C. Steindorf
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: 214/855-8000
Telecopier: 214/855-8200

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil

Procedure on October 30, 2003.

_____

    Julie Hardin

30578586.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

REX TERRY, INDIVIDUALLY AND   §
SUNBELT SURPLUS VALUE, INC.,   §
                                §
      Plaintiffs,                  §
                                §     CIVIL ACTION NO. **B-03-190**
v.                             §     JURY DEMANDED
                                §
PARKERCO, INC. D/B/A PARKER &   §
COMPANY WORLDWIDE,       §
                                §
      Defendant.            §

## <u>LIST OF PARTIES AND ATTORNEYS</u>

As required under Local Rule 81, the following is a list of all counsel of record in

this case, including addresses, telephone numbers and parties represented.

1.     For Plaintiffs Rex Terry, Individually and Sunbelt Surplus Value, Inc.

Donald H. Grissom
William W. Thompson, III
609 West 10th Street
Austin, Texas 78701
Telephone: (512) 478-4059
Facsimile: (512) 482-8410

2.     For Defendant Parkerco, Inc. d/b/a Parker & Company Worldwide

Julie Hardin
Michael C. Steindorf
1301 McKinney, Suite 5100
Houston, Texas 77070-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246



Exhibit E

Respectfully submitted,

FULBRIGHT & JAWORSKI

By _____
    Julie A. Hardin
    Federal I.D. No. 26459
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  713/651-5151
Telecopier:  713/651-5246

Attorney-in-Charge  for  Defendant,  Parkerco,
Inc. d/b/a Parker & Company Worldwide

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.

Michael C. Steindorf
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  214/855-8000
Telecopier:  214/855-8200

## CERTIFICATE OF SERVICE

    This pleading was served in compliance with Rule 5 of the Federal Rules of Civil

Procedure on October 30, 2003.

_____
    Julie Hardin

30578586.1