IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REX TERRY, INDIVIDUALLY AND SUNBELT SURPLUS VALUE, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-190<br>JURY DEMANDED |
| PARKERCO, INC. D/B/A PARKER & COMPANY WORLDWIDE, | § § § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
FILED

JAN 2 7 2004

Michael N. Milby
Clerk of Court

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.  **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

    The parties conferred on January 20, 2004. Donald H. Grissom appeared on behalf of the plaintiffs; Julie Hardin appeared on behalf of the defendant.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3.  **Specify the allegation of federal jurisdiction.**

    Defendant removed this case to federal court on the basis that Plaintiffs' Original Petition alleges a federal question. 28 U.S.C. § 1331.

4.  **Name the parties who disagree and the reasons.**

    Defendant agrees that the federal district court can maintain federal question jurisdiction over this case. Plaintiffs have no opinion.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None.

6. **List anticipated interventions.**

   None.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   All initial disclosures will be exchanged by February 02, 2004.

9. **Describe the proposed agreed discovery plan, including**

   A. **Responses to all the matters raised in Rule 26(f).**

   See below.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiffs will send interrogatories to Defendant within 60 days (approximately March 22, 2004).

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   Defendant will send interrogatories to Plaintiffs within 60 days (approximately March 22, 2004).

   D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiffs anticipate, at this time, deposing the Defendant. Plaintiffs anticipate deposing all expert witnesses designated by the Defendant and all fact witnesses identified by the Defendant. Plaintiffs will take additional depositions as necessary.

   E. **Of whom and by when the defendant anticipates taking oral depositions.**

   Defendant anticipates, at this time, deposing the Plaintiffs. Defendant anticipates deposing all expert witnesses designated by the Plaintiffs and all fact witnesses identified by the Plaintiffs. Defendant will take additional depositions as necessary.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Currently the parties are evaluating whether experts are necessary in this case. Plaintiffs can designate experts 90 days before trial (approximately October 7, 2004). Defendant can designate experts 60 days before trial (approximately November 6, 2004).

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Should Defendant designate experts, Plaintiffs will complete all depositions by the close of discovery.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Should Plaintiffs designate experts, Defendant will complete all depositions by the close of discovery.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not Applicable.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12. **State the date the planned discovery can reasonably be completed.**

Thirty days before trial (approximately December 6, 2004).

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties believe that settlement should be evaluated as discovery progresses.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    See Number 13 above.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties believe that mediation may be a viable option, which will be evaluated as discovery progresses.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not jointly consent to a magistrate.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiffs made a jury demand upon filing this suit in state district court.

18. **Specify the number of hours it will take to present the evidence in this case.**

    12-16 hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other motions pending.**

    None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

22. **List the names, bar numbers, address and telephone numbers of all counsel.**

COUNSEL FOR PLAINTIFFS:

Donald H. Grissom
State Bar # 08511550
Grissom & Thompson
609 West 10th Street
Austin, TX 78701
512/478-4059 phone
512/484-8410 fax

William W. Thompson, III
State Bar # 19960050
Grissom & Thompson
609 West 10th Street
Austin, TX 78701
512/478-4059 phone
512/484-8410 fax

COUNSEL FOR DEFENDANT:

Julie A. Hardin
State Bar No. 24013613
Federal I.D. No. 26459
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, Texas 77019
Telephone: 713 651-5151
Telecopy: 713 651-5246

Michael C. Steindorf
State Bar No. 19134800
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: 214/855-8000
Telecopy: 214/855-8200

_____    1/23/04
Donald H. Grissom, Attorney for Plaintiffs      Date

_____    1/23/04
Julie Hardin, Attorney for Defendant      Date