United States District Court
Southern District of Texas
FILED

MAR 1 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REX TERRY, INDIVIDUALLY and SUNBELT SURPLUS VALUE, INC. | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. B-03-190 |
| PARKERCO, INC., d/b/a PARKER & COMPANY WORLDWIDE, | § § § § | |
| Defendant. | § | |

### FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Rex Terry ("Terry") and files this First Amended Original Petition against ParkerCo., Inc., d/b/a Parker & Company Worldwide ("Parker"), and would show as follows:

### I
### PARTIES

Rex Terry is an individual residing in Harris County, Texas.

ParkerCo., Inc. is a corporation organized under the laws of the state of Texas and has appeared by and through its counsel of record.

### II
### VENUE AND JURISDICTION

This case was removed from the District Court of Hidalgo County, Texas.

### III
### BACKGROUND

In 1996, Terry, who is engaged in the business of buying and reselling surplus pipe and valves, purchased some surplus pipe in Mexico. To facilitate the importation of

the pipe into the United States, Terry contracted with Parker, a customs broker located in Pharr, Texas. The pipe intended for importation was believed to be reusable drill pipe. Parker represented to Terry that there were no customs duties or fees on drill pipe. Parker then arranged for the pipe to be imported and delivered to Houston, Texas.

After entry into Texas, it was discovered that the pipe imported and delivered was not the pipe Terry had purchased. This pipe was defective material and not usable drill pipe. Shortly thereafter the U.S. Customs assessed a "dumping" fee totaling $72,173.27. After meeting with Parker and the customs agents, Terry understood that the issue was resolved.

In February 2003 Terry received other notices of assessment. Terry then met with Parker, again to determine what action was necessary to resolve the assessment. Parker represented that there was no duty on defective material and that they would immediately file a protest and extinguish the fees. Despite these representations and agreement, Parker did not file any protest with the customs office nor take any action to resolve the assessment. Moreover, Parker did not notify Terry that it would not file the protest until the period for filing such protests had lapsed.

## IV

## BREACH OF CONTRACT

As described above, Parker breached its agreement with Terry by failing to properly handle the importation of the pipe and timely file protests of the assessment of "dumping" fees by the U.S. Customs office. As a result of this breach of contract, Terry has been damaged in the amount of $72,173.27.

Demand was made upon Parker for these damages, but Parker has failed and refused to pay said sum.

## V

## NEGLIGENT MISREPRESENTATION

Pleading further, and alternatively, Parker made negligent misrepresentations to Terry that there were no "dumping" fees or other duties on this pipe and that they would

file protests to cure the assessments. Terry, in good faith, relied upon these representations. Parker, however, failed to timely file such protests to Terry's detriment.

As a result of this negligent misrepresentation, Terry has sustained damages in the amount of $72,173.27.

## VI
## ATTORNEY FEES

Terry requests recovery of his necessary and reasonable attorney fees as a result of the breach of contract by Parker.

WHEREFORE, PREMISES CONSIDERED, Rex Terry prays that Defendant be cited to appear and that after trial he be awarded:

1) actual damages;

2) consequential damages;

3) attorney fees;

4) prejudgment and postjudgment interest as may be allowed by law;

5) costs of court; and

6) other and further relief to which he may be entitled.

Respectfully submitted,

GRISSOM & THOMPSON

Donald H. Grissom
State Bar No. 08511550
William W. Thompson, III
State Bar No. 19960050
609 West 10th Street
Austin, Texas 78701
(512) 478-4059
(512) 482-8410 fax

3

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been either hand-delivered, sent by U.S. Mail, Certified Mail, Return Receipt Requested, and/or Facsimile Transmission to the following service list on this _15_ day of _March_, 2004.

_____
Donald H. Grissom

Julie Hardin
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151
(713) 651-5246 fax