IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REX TERRY, INDIVIDUALLY and SUNBELT SURPLUS VALUE, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-03-190 |
| PARKERCO, INC., | § § § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
FILED
OCT 25 2004

Michael N. Milby, Clerk of Court
Southern District of Texas
FILED
NOV 1 2 2004
Michael N. Milby
Clerk of Court

## DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER

Defendant Parkerco, Inc. ("Parker") files its answer to Plaintiffs' First Amended Original Petition.

### I.
### FAILURE TO STATE A CLAIM FOR RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Parker moves that Plaintiff's First Amended Original Petition be dismissed because Plaintiff has failed to state a claim against Parker upon which relief can be granted.

### II.
### ANSWER

1. Parker admits the allegations in section I of Plaintiffs' First Amended Original Petition.

2. Parker admits the allegation in section II of Plaintiffs' First Amended Original Petition.

3. Parker denies all factual allegations in section III of Plaintiffs' First Amended Original Petition. Specifically, in paragraph 1 of section III, Parker denies that it made any representations to Terry concerning customs duties or fees on imported drill pipe. Further, Parker denies Plaintiff's allegation in paragraph 2 of section III that Terry understood that the issue was resolved "after meeting with Parker and the customs agents." Finally, Parker denies Plaintiff's allegations in paragraph 3 of section III that Parker made representations concerning duties and that Parker would file a protest.

4. Parker denies all factual allegations in section IV of Plaintiffs' First Amended Original Petition. Specifically, in paragraph 1 of section IV, Parker denies the existence of any contract between the parties. Further, Parker denies that it was obligated "to file a protest" concerning dumping fees, that Parker breached any obligations it owed to Plaintiff, or that Parker caused any damages to Plaintiff whatever.

5. Parker denies all factual allegations in section V of Plaintiffs' First Amended Original Petition. Specifically, in paragraph 1 of section V, Parker denies that it made any representations of any kind concerning dumping fees, dumping duties, or that it made any representations that it would file a protest. Further, Parker denies that it caused any damages to Plaintiff.

6. To the extent that factual allegations are made, Parker denies all factual allegations in section VI of Plaintiffs' First Amended Original Petition.

7.  Parker denies that Plaintiff is entitled to recover attorney fees as requested in section VI of Plaintiff's First Amended Original Petition.

### III.
### AFFIRMATIVE DEFENSES

Parker respectfully asserts the following affirmative defenses:

7.  Plaintiff's claims are barred by the applicable statutes of limitation.

8.  Plaintiff's claims are barred due to Plaintiff's failure to mitigate damages.

9.  Plaintiff's claims are barred due to the lack of and/or failed consideration.

10. Plaintiff's claims are barred by the statute of frauds.

11. Plaintiff's claims are barred due to Plaintiff's unclean hands.

### IV.
### JURY DEMAND

Parker respectfully requests a trial by jury on all contested issues of fact.

WHEREFORE PREMISES CONSIDERED, Defendant Parkerco, Inc. prays that Plaintiff take nothing, that Defendant recover its costs of court, and for all other relief that Defendant is entitled to.

Respectfully submitted,

By: _____
    Julie Hardin   by permission
    State Bar No. 24013613
    Federal I.D. No. 26459
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

Attorney-in-Charge for Defendant
PARKERCO, INC.

Michael C. Steindorf
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: 214/855-8000
Telecopier: 214/855-8200

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on this 22nd day of October, 2004.

_____
Julie A. Hardin   by permission