IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REX TERRY, ET AL., | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. B-03-190 |
| PARKER, INC., | § § § | |
| Defendant. | § | |

### AFFIDAVIT OF SANDRA L. SMITH

BEFORE ME, the undersigned authority, personally appeared Sandra L. Smith, who after being duly sworn, deposed as follows:

1. My name is Sandra L. Smith. I am over eighteen years of age and competent to make this affidavit. The following information is true and correct and within my personal knowledge.

2. I was employed by the US Customs Service (now Customs and Border Protection) as an Import Specialist in the Dallas/Fort Worth port for approximately 16 years (1979-1995). Since 1995, I have owned Import Consulting Services. Please see my curriculum vitae, attached as Exhibit A.

3. As an import consultant, I provide advice, assistance and training in Customs laws and procedures to importers, brokers, and other interested parties.

I

4. As part of my work on this case, I have reviewed the deposition of Mr. Rex Terry (dated Sept. 2, 2004) and the exhibits attached thereto. I have reviewed the pleadings in this case, the documents produced, and the discovery responses of Mr. Rex Terry.

5. It is my understanding that Mr. Terry purchased and intended to import drill pipe from Mexico, but that he claims that the pipe he actually imported was structural pipe.

6. It is my understanding that Mr. Terry asserts that he engaged Parker to file a protest regarding the classification, value, and/or assessment of duties on the pipe he imported from Mexico.

7. My opinion is that a protest would not have been successful because Mr. Terry lacks sufficient evidence to overcome the presumption that Customs properly assessed duties. Customs requires definitive evidence to support a protestant's claim, including documents, pictures if appropriate, statements from witnesses, etc. In this case, Customs would have needed evidence that the goods received were not the goods purchased, and possibly a statement from a disinterested third party as to the value of the goods received. Roughly seventy-five percent of protests are denied for lack of evidence.

8. Mr. Terry has not provided evidence of what he purchased in Mexico. Nor is there any proof that the shipment he received was not the shipment he purchased, a fact he must establish to prove that Customs' classification was incorrect. Terry took no pictures of the pipe that was purchased; Terry took no pictures of the pipe that was received; he made no effort to return the pipe to the seller in Mexico; he submits no evidence that he attempted to pursue the issue with the seller. Without this evidence, Terry cannot establish that the pipe he imported was any different than the pipe he purchased and on which Customs assessed duties.

9. Mr. Terry has no evidence of what type of pipe he actually imported. He has no pictures of the pipe. Nor has he any documentation that would demonstrate the size, amount, color, consistency, country of origin, or value. Without evidence of what Terry actually imported, he would not be capable of demonstrating to Customs that the duties it assessed were improper.

10. Terry submitted two letters to Customs in 1997. The only evidence attached to those letters was a bank receipt, and a letter from one of Mr. Terry's customers stating that he bought "structural pipe" from Mr. Terry. There is no evidence that this was the same pipe as the entries in question. And, Mr. Terry waited more than a year before submitting a letter to Customs asking that the value be decreased under 19 CFR 158.12(a).

11. Section 158.12(a) of the Customs Regulations provides for a reduction in value based on damage incurred in shipping. The merchandise "shall be appraised in its condition as imported, with an allowance made in the value to the extent of the damage." This provision does not provide relief if the shipment is different merchandise from that ordered or purchased. None of the evidence submitted by Mr. Terry indicates that the pipe received was worth less than the value entered on the Customs entry, or that the pipe was "damaged." Goods of a lower quality than expected would not fall under this provision.

12. Exhibit 8 to Mr. Terry's deposition is a "Formal Demand on Surety For Payment of Delinquent Amounts Due." This covers 25 entries covering the period from April 1, 1996 to April 23, 1996, with an amount due of $75,290.70. These are the entries at issue. On this document, Customs lists "Protest Number: 230403100159...Protest Status: Denied.... Approval/ Denial Date: 08/08/03." This document indicates that a protest was filed, and denied by Customs.

13. It is my opinion that in all likelihood Customs considered the documentation Terry submitted in 1997 to be a formal protest. Customs then denied the protest.

14. In sum, it is my opinion that even if ParkerCo. had filed a protest on Mr. Terry's behalf, Terry would not have been successful due to his complete lack of evidence. It is also my opinion that Customs in fact considered the documents Terry provided in 1997 to be a formal protest, but then denied the protest. Under either scenario, ParkerCo.'s failure to file a protest did not and could not affect the amount of duties Mr. Terry owes Customs.

Further affiant sayeth not.

_Sandra L. Smith_
Sandra L. Smith

Date signed:

SUBSCRIBED AND SWORN to before me on November 22nd, 2004.

_____
Notary Public in and for
the State of Texas

HUGO VILLARREAL
Notary Public, State of Texas
My Commission Expires 6-5-07

_H. Villareal_
Printed Name of Notary

My commission expires: 6-5-07.



XL Insurance
SURETY

XL Surety
20 N. Martingale Road
Suite 200
Schaumburg, IL 60173-2415
USA

EXHIBIT
# 8
Terry