IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 1 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| REX TERRY, INDIVIDUALLY and SUNBELT SURPLUS VALUE, INC., <br><br>Plaintiff, <br><br>v. <br><br>PARKERCO, INC., <br><br>Defendant. | § § § § § § § § § § § § |

CIVIL ACTION NO. B-03-190

**AGREED MOTION TO STAY RULING ON PARKER'S
SUMMARY JUDGMENT MOTION**

Defendant Parkerco, Inc. ("Parker") files this motion to stay any ruling on its summary judgment motion, set for submission on December 20, 2004. Parker respectfully shows the Court as follows:

**I. BACKGROUND**

This is an alleged contract dispute based on the failure of Parker, a customs broker, to file a protest with the U.S. Customs Office ("Customs") on behalf of Plaintiff, an importer of oil field equipment. Plaintiff alleges that during a February 2003 meeting, Parker agreed to file a protest with Customs in order to extinguish import duties assessed on pipe Plaintiff imported from Mexico. *See Exhibit A, Petition.* No protest was ever filed, and Plaintiff owes Customs $72,173.27. *Id.* Plaintiff is suing Parker to recover the full cost of the import duties. *Id.*

On November 26, 2004, Parker filed a summary judgment motion, arguing that the parties never entered a contract requiring Parker to file a customs protest on behalf of Plaintiff. Parker further argued that, even if Parker was contractually obligated to file a protest, the import duties assessed by Customs were proper, and therefore Plaintiff cannot establish *causation or damages* as a matter of law.

On December 10, 2004, Parker received various documents from XL Specialty Insurance Company ("XL"). XL is the surety company who posted a bond on Plaintiff's behalf when he imported the pipe at issue in this case. Once Plaintiff refused to pay Customs the money he owes, Customs pursued a claim with XL, as the holder of the bond. The documents Parker received indicated that XL filed a protest on Plaintiff's behalf some time in August of 2003. Customs has two years within which to respond to a protest, and at this time, a ruling on XL's protest has yet to be issued. If Customs grants XL's protest, the duties will be removed, and this case will become moot. In the interest of judicial economy, Parker therefore asks that the Court stay any ruling on its summary judgment motion, currently set on the Court's December 20, 2004 submission docket.[1]

## II. Prayer

Defendant Parkerco, Inc. prays that this Court stay any ruling on Parker's summary judgment motion, and grant Parker all other relief to which it is justly entitled.

---

[1] In the event this agreed motion is denied, the parties agree that Plaintiff will have seven days from the day the order is signed to file a response to Parker's summary judgment motion. The parties intend to file an Agreed Motion for Stay pending the outcome of Custom's ruling on XL's protest.

>Respectfully submitted,
>
>FULBRIGHT & JAWORSKI
>
>By _____
>    Julie A. Hardin
>    Federal I.D. No. 26459
>1301 McKinney, Suite 5100
>Houston, Texas 77010-3095
>Telephone: 713/651-5151
>Telecopier: 713/651-5246
>
>Attorney-in-Charge for Defendant, Parkerco, Inc. d/b/a Parker & Company Worldwide

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.

Michael C. Steindorf
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: 214/855-8000
Telecopier: 214/855-8200

## CERTIFICATE OF CONFERENCE

The parties have conferred and agree that this motion is ~~proper~~ and should be granted.

_____
Julie A. Hardin

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Federal Rule ~~of Civil~~ Procedure 5 on December 20, 2004.

_____
Julie A. Hardin

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| REX TERRY, INDIVIDUALLY § <br> and SUNBELT SURPLUS VALUE, INC. § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> PARKERCO, INC., d/b/a PARKER § <br> & COMPANY WORLDWIDE, § <br> § <br> Defendant. § | CIVIL ACTION NO. B-03-190 |

### FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Rex Terry ("Terry") and files this First Amended Original Petition against ParkerCo., Inc., d/b/a Parker & Company Worldwide ("Parker"), and would show as follows:

### I
### PARTIES

Rex Terry is an individual residing in Harris County, Texas.

ParkerCo., Inc. is a corporation organized under the laws of the state of Texas and has appeared by and through its counsel of record.

### II
### VENUE AND JURISDICTION

This case was removed from the District Court of Hidalgo County, Texas.

### III
### BACKGROUND

In 1996, Terry, who is engaged in the business of buying and reselling surplus pipe and valves, purchased some surplus pipe in Mexico. To facilitate the importation of

**EXHIBIT "A"**

the pipe into the United States, Terry contracted with Parker, a customs broker located in Pharr, Texas. The pipe intended for importation was believed to be reusable drill pipe. Parker represented to Terry that there were no customs duties or fees on drill pipe. Parker then arranged for the pipe to be imported and delivered to Houston, Texas.

After entry into Texas, it was discovered that the pipe imported and delivered was not the pipe Terry had purchased. This pipe was defective material and not usable drill pipe. Shortly thereafter the U.S. Customs assessed a "dumping" fee totaling $72,173.27. After meeting with Parker and the customs agents, Terry understood that the issue was resolved.

In February 2003 Terry received other notices of assessment. Terry then met with Parker, again to determine what action was necessary to resolve the assessment. Parker represented that there was no duty on defective material and that they would immediately file a protest and extinguish the fees. Despite these representations and agreement, Parker did not file any protest with the customs office nor take any action to resolve the assessment. Moreover, Parker did not notify Terry that it would not file the protest until the period for filing such protests had lapsed.

IV

**BREACH OF CONTRACT**

As described above, Parker breached its agreement with Terry by failing to properly handle the importation of the pipe and timely file protests of the assessment of "dumping" fees by the U.S. Customs office. As a result of this breach of contract, Terry has been damaged in the amount of $72,173.27.

Demand was made upon Parker for these damages, but Parker has failed and refused to pay said sum.

V

**NEGLIGENT MISREPRESENTATION**

Pleading further, and alternatively, Parker made negligent misrepresentations to Terry that there were no "dumping" fees or other duties on this pipe and that they would

2

file protests to cure the assessments. Terry, in good faith, relied upon these representations. Parker, however, failed to timely file such protests to Terry's detriment.

As a result of this negligent misrepresentation, Terry has sustained damages in the amount of $72,173.27.

## VI
## ATTORNEY FEES

Terry requests recovery of his necessary and reasonable attorney fees as a result of the breach of contract by Parker.

WHEREFORE, PREMISES CONSIDERED, Rex Terry prays that Defendant be cited to appear and that after trial he be awarded:

1) actual damages;
2) consequential damages;
3) attorney fees;
4) prejudgment and postjudgment interest as may be allowed by law;
5) costs of court; and
6) other and further relief to which he may be entitled.

Respectfully submitted,

GRISSOM & THOMPSON

Donald H. Grissom
State Bar No. 08511550
William W. Thompson, III
State Bar No. 19960050
609 West 10th Street
Austin, Texas 78701
(512) 478-4059
(512) 482-8410 fax

3

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been either hand-delivered, sent by U.S. Mail, Certified Mail, Return Receipt Requested, and/or Facsimile Transmission to the following service list on this _15_ day of _March_, 2004.

*Donald H. Grissom*
Donald H. Grissom

Julie Hardin
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151
(713) 651-5246 fax

4